**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVELYN ENRIQUEZ, an individual,  )
)
                Plaintiff,  )    Case No.: 2:14-cv-02118-GMN-CWH
vs.  )
)    **ORDER**
RED ROCK FINANCIAL SERVICES, LLC,  )
)
                Defendant.  )
)

Pending before the Court is the Motion to Dismiss (ECF No. 4) and Motion to Strike (ECF No. 12) filed by Defendant Red Rock Financial Services, LLC ("Defendant"). Also pending before the Court is the Motion to Amend (ECF No. 13) filed by Plaintiff Evelyn Enriquez ("Plaintiff"). Plaintiff filed a Response (ECF No. 8) and Defendant filed a Reply (ECF No. 10) to Defendant's Motion to Dismiss. Moreover, Plaintiff did not file a Response to Defendant's Motion to Strike. Finally, Defendant filed a Response (ECF No. 14) to Plaintiff's Motion to Amend.

**I.    BACKGROUND**

This case centers upon allegations that Defendants unlawfully foreclosed on Plaintiff's property and failed to respond to her debt verification request. (Compl. ¶¶ 12, 19). Plaintiff received a dunning notice from Defendant on December 11, 2012. (*Id.* ¶ 6). Plaintiff made payment arrangements with Defendant, and Defendant foreclosed upon Plaintiff's property after Plaintiff paid the eleventh installment untimely on January 24, 2014. (*Id.* ¶¶ 6–8). On September 5, 2014, Plaintiff alleges that she served a debt verification request on Defendant, and Defendant has not responded to the request. (*Id.* ¶ 9).

Based on these allegations, Plaintiff filed her Complaint on December 15, 2014, asserting the following causes of action: (1) negligent, wanton, and/or intentional hiring,

supervision of incompetent employees or agents of Red Rock; and (2) violation of the Fair Debt Collection Practices Act (the "FDCPA"). (Compl. ¶¶ 13–26).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to

liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

### A. Motion to Strike

Defendant asserts that Plaintiff's filing, entitled Plaintiff's Opposition to Defendant's Opposition to Motion to Dismiss (ECF No. 11), should be stricken because Plaintiff did not seek nor obtain leave from the Court to file a sur-reply. Local Rule 7–2(a)(c) allows a for motion, a response, and a reply. No provision exists for filing a sur-reply. Thus, a party must obtain leave from the Court before filing a sur-reply. "A sur-reply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond.*" *Kanvick v. City of Reno,* No. 3:06–CV–00058, 2008 WL 873085, at *1, n. 1 (D. Nev. March 27, 2008). Further, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. W.,* 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Here, Plaintiff did not request leave from the Court to file a sur-reply. Accordingly, the Court grants Defendant's Motion to Strike (ECF No. 12), and Plaintiff's sur-reply (ECF No. 11) is stricken from the record.

/ / /

**B.     Motion to Dismiss**

In her Complaint, Plaintiff alleges the following causes of action: (1) negligent, wanton, and/or intentional hiring, supervision of incompetent employees or agents of Red Rock; and (2) violation of the Fair Debt Collection Practices Act (the "FDCPA"). (Compl. ¶¶ 13–26).

**1.     Negligent Hiring or Supervision**

The tort of negligent hiring imposes "a general duty on an employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996). This duty is breached when the employer "hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.*

An employer also "has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Hall*, 930 P.2d at 99. The elements of a claim for negligent training and/or supervision are: (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Lambey v. Nevada*, No. 2:07–cv–01268–RLH–PAL, 2008 WL 2704191, *4 (D. Nev. July 3, 2008).

In order to prevail on a negligent training or supervision claim, the plaintiff must allege facts specifically indicating how the employer violated its duty. *Colquhoun v. BHC Montevista Hospital, Inc.*, No. 2:10–cv–00144–RLH–PAL, 2010 WL 2346607, *3 (D. Nev. June 9, 2010). Nevada law does not permit the inference that an employer was negligent in training or supervising simply because the Defendant's employees acted in a discriminatory manner; "the fact that an employee acts wrongfully does not in and of itself give rise to a claim for negligent hiring, training, or supervision." *Id.*

Plaintiff alleges that "Defendant knew and approves of its incompetent employees and

agents, attorney debt collectors, and debt collection against the Plaintiff." (Compl. ¶ 14). Moreover, Plaintiff alleges that Defendant "negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors in defendant company whom were allowed, or encouraged to violate the law as was done to the Plaintiff." (*Id.*).

Plaintiff does not state specific facts but instead makes conclusory allegations. The complaint does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Merely, making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled. Accordingly, the Court dismisses this claim with leave to amend.

### 2. Violation of the FDCPA

Plaintiff alleges that "Defendant has violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act." (Compl. ¶ 20). More specifically, Plaintiff alleges that Defendant has violated 15 U.S.C. § 1692d "by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt" and 15 U.S.C. § 1692f by "[u]sing unfair or unconscionable means to collect or attempt to collect a debt." (*Id.*).

Section 1692d provides, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This section also includes a non-exhaustive list of violations, which includes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made. *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008). Acts

which have been found to violate this section include placing six calls to a debtor in the span of twenty-four minutes, *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1453 (D. Nev. 1994), and calling a debtor four dozen times in one year, *Joseph v. J.J. MacIntyre Companies, L.L.C.*, 281 F. Supp. 2d 1156, 1165 (N.D. Cal. 2003).

In this case, Plaintiff alleges that Defendant "has unlawfully foreclosed Plaintiffs property" and has failed to validate the debt after Plaintiff made a verification request. First, the FDCPA provides that activities undertaken in connection with a nonjudicial foreclosure do not constitute debt collection under the FDCPA. *Gillespie v. Countrywide Bank FSB*, No. 3:09-cv-00556-JCM-VPC, 2011 WL 3652603, *2 (D. Nev. Aug. 19, 2011); *Diessner v. Mortgage Elec. Reg. Sys., Inc.*, 618 F. Supp. 2d 1184, 1188–89 (D. Ariz. 2009). Thus, Defendant's actions regarding the foreclosure of Plaintiff's property do not implicate the FDCPA. Second, Plaintiff's allegation that Defendant has failed to respond to her verification request implicates Section 1692g(a) of the FDCPA, which provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> …
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g. Plaintiff sent a verification request on September 5, 2014—almost two years after Defendant sent Plaintiff a dunning notice on December 11, 2012. Therefore, Plaintiff's verification request was outside the thirty day window provided in Section 1692g. Accordingly, Plaintiff has not alleged facts that support a reasonable inference that Defendant violated Section 1692d of the FDCPA.

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to

collect or attempt to collect any debt." 15 U.S.C. § 1692f.  As discussed above, Plaintiff has not alleged facts that support a reasonable inference that Defendant violated the FDCPA.  Accordingly, the Court dismisses this claim with leave to amend.

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

Because the Court finds that Plaintiff could allege facts sufficient to support its claims of negligent hiring, training, and supervision and violation of the FDCPA, amendment would not be futile, and the Court grants Plaintiff leave to file her first amended complaint.  Plaintiff shall file her first amended complaint within fourteen (14) days of the date of this Order only if she can allege sufficient facts that plausibly establish claims of negligent hiring, training, and supervision and violation of the FDCPA.  Failure to file a first amended complaint by this date shall result in the Court dismissing Plaintiff's action with prejudice.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 12) is **GRANTED**.  Plaintiff's sur-reply (ECF No. 11) is hereby stricken from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 13) is **DENIED as moot**.  Plaintiff shall file her first amended complaint by **March 31, 2015**.  Failure

to file a first amended complaint by this date shall result in the Court dismissing Plaintiff's action with prejudice.

**DATED** this 16th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge